IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| XIAORONG LAN, | § | |
| | § | |
| *Plaintiff,* | § | SA-22-CV-00769-FB |
| | § | |
| vs. | § | |
| | § | |
| UNIVERSITY OF TEXAS AT SAN ANTONIO, BIT OFFICE AT UTSA, DR. JUAN MANUEL SANCHEZ, ASSOCIATE DEAN, CARLOS ALVAREZ COLLEGE OF BUSINESS; AND DR. HARRISON LIU, PHD ADVISOR, CARLOS ALVAREZ COLLEGE OF BUSINESS, | § § § § § § § § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation and Order concerns Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil Complaint, filed July 19, 2022 [#1], Application for Permission to File Electronically [#2], Motion for Appointment of Counsel [#3], and Motion for Discovery [#4]. The motion to proceed *in forma pauperis* ("IFP") and motion to appoint counsel were automatically referred to the undersigned upon filing, and the District Court subsequently referred this entire case for all pretrial proceedings. The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A) and this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

By her motions, Plaintiff seeks leave to proceed IFP based on her inability to afford court fees and costs, requests the appointment of counsel, asks for permission to participate in

1

electronic filing, and moves to compel certain discovery from Defendants. Having considered the motions and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, order service of Plaintiff's Complaint on Defendant University of Texas at San Antonio, deny the motion to appoint counsel, grant the motion for electronic filing, and dismiss the motion for discovery as premature. The Court will also recommend the dismissal of the other three Defendants pursuant to 28 U.S.C. § 1915(e).

## I.  Motion to Proceed *In Forma Pauperis*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1]  *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes her income and asset information, which indicates that Plaintiff was employed by the University of Texas at San Antonio ("UTSA") from July to October 2021 but is no longer employed. Plaintiff has summarized her monthly expenses for herself and her two dependents. The information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

Pursuant to the Court's October 8, 2019 Standing Order, the undersigned reviewed Plaintiff's proposed Complaint for frivolousness. Plaintiff has sued UTSA, the Behavioral Intervention Team ("BIT") at UTSA,[2] Dr. Juan Manuel Sanchez (Associate Dean of the Carlos

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2]  BIT is "a multidisciplinary team of UTSA staff and faculty responsible for identifying, assessing, and responding to concerns and/or disruptive behaviors exhibited by students, faculty, staff, and visitors who may present a risk of harm to themselves, members of the community, or the institution." *See*

Alvarez College of Business), and Dr. Harrison Liu (PhD Advisor) under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA") for race, national origin, gender, and age discrimination.  Plaintiff also attempts to sue Defendants under 26 U.S.C. § 7206, a criminal statute related to fraud within the Internal Revenue Code.  There is no private right of action under § 7206.  The undersigned therefore construes Plaintiff's Complaint only under Title VII and the ADEA.

Plaintiff alleges that she was employed as a research assistant and PhD student at UTSA beginning in September 2019 as the only Chinese research assistant in her cohort and the eldest in the PhD program.  Plaintiff claims that UTSA wrongly issued a BIT "discipline contract" against her, prohibiting her from working for or having any academic contract with Dr. Harrison Liu solely based on the fact that she was female and he male.

Plaintiff further complains that she was wrongfully terminated from her position at UTSA based on unsatisfactory performance in a comprehensive exam, after being subjected to discriminatory grading by Dr. Manuel Sanchez.  According to Plaintiff, Dr. Sanchez told her "he would always put Chinese students at bottom of his list because of poor communication."  Although Plaintiff reported the discrimination to UTSA, UTSA allegedly failed to investigate Plaintiff's complaints.

Plaintiff's Complaint states that she filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a Right to Sue Letter on July 6, 2022.  Plaintiff includes a copy of the Right to Sue letter with her proposed Complaint.  Accordingly, Plaintiff's proposed Complaint demonstrates that she properly exhausted her administrative remedies and timely filed this federal action within 90 days of receiving her Right to Sue Letter.

---

https://www.utsa.edu/bit/#:~:text=The%20Behavioral%20Intervention%20Team%20(BIT,to%20themselves%2C%20members%20of%20the (last visited August 8, 2022).

*See* 42 U.S.C. § 2000e-5(f)(1). The Court additionally finds that Plaintiff's proposed Complaint asserts at least one non-frivolous claim.

However, the Court will only order service of Plaintiff's Complaint on UTSA. Title VII and the ADEA do not provide for individual liability. *See Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."); *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) ("This circuit has held that there is no individual liability for employees under Title VII."); *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001) ("[T]he ADEA provides no basis for individual liability for supervisory employees.") (internal quotation and citation omitted). Therefore, Dr. Sanchez and Dr. Liu should not be served with this lawsuit. Similarly, BIT, which is a team of UTSA staff and faculty, should not be served, as Title VII and the ADEA only provide for suits against a plaintiff's employer, which was UTSA, not the agents of that employer. *See* 29 U.S.C. § 623(a); 42 U.S.C. § 2000e-2(a)(1); *see also Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999).

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[3] *See* 28 U.S.C. § 1915(e)(2)(B). Based on the filings before the Court, Plaintiff has failed to plead any claim upon which relief can be

---

[3] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case, a claim, or a party if it determines that the case filed by the IFP plaintiff is frivolous or fails to state a claim, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

granted against BIT, Dr. Sanchez and Dr. Liu.  The undersigned will therefore recommend that the District Court dismiss these three Defendants pursuant to 28 U.S.C. § 1915(e).

## II.  Motion for Appointment of Counsel

Courts may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in IFP proceedings.  Under § 1915(e)(1), the Court has discretion to appoint an attorney to represent a litigant in federal court, but there is no right to the automatic appointment of counsel in a civil case.  *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  Appointment of counsel in a civil case is considered a privilege, not a constitutional right.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted).  The Court is only required to appoint counsel, such that the denial of counsel constitutes an abuse of discretion, where the case presents exceptional circumstances.  *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

In evaluating whether a case involves "exceptional circumstances," a court should consider the following factors: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting her case; (3) whether the plaintiff is in a position to investigate adequately the case; (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination; and (5) whether the appointment of counsel would be a service to the plaintiff and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination.  *Id.* at 213 (citations omitted).

Plaintiff has not demonstrated that exceptional circumstances are present in her case or that, based on the record, appointment of counsel is appropriate under the applicable legal

5

standards under 28 U.S.C. § 1915(e) at this time. Although Plaintiff lacks the financial resources to retain private counsel, Plaintiff's pleadings indicate that she has the ability to articulate the basis of and present the facts pertinent to her claims. Accordingly, the Court will deny Plaintiff's request for counsel at this stage of the proceedings. This denial is without prejudice to Plaintiff renewing her request at a later stage of this lawsuit.

### III.  Motion for Electronic Filing

Plaintiff requests permission to participate in electronic filing. The Court will grant the motion. However, if Plaintiff abuses the privilege of having access to electronic filing by filing excessive motions, the Court will terminate Plaintiff's access to electronic filing and again require Plaintiff to file documents by mail or in person with the Court.

### IV.  Motion for Discovery

Plaintiff asks the Court to order UTSA to produce and permit inspection of and the copying and/or photographing of various records she believes are relevant to her lawsuit. Plaintiff's lawsuit has not yet been served on UTSA. Therefore, Plaintiff's motion is premature. Pursuant to the Federal Rules of Civil Procedure, the first step of a lawsuit is service on the defendant. *See* Fed. R. Civ. P. 4. After service is completed, a defendant has the obligation to respond to the plaintiff's complaint. *See* Fed. R. Civ. P. 12. Once a defendant makes an appearance by filing an answer or other responsive pleading, the parties are obligated to exchange initial disclosures and the Court will order the parties to participate in an initial pretrial conference. *See* Fed. R. Civ. P. 16. After the conference, a scheduling order will be entered, imposing deadlines to govern the course of a case, including a deadline for the completion of discovery. Rules 26 through 37 of the Federal Rules of Civil Procedure address the process of seeking discovery from another party or third parties. *See* Fed. R. Civ. P. 26–37. Requests for

discovery are not filed with the Court; however, if a party refuses to provide discovery that is relevant and proportional to the claims at issue, a party may file a motion to compel the discovery. *See* Fed. R. Civ. P. 37.

Because no Defendant has yet been served with this lawsuit, Plaintiff's motion for discovery is premature. The Court will therefore dismiss the motion without prejudice to Plaintiff filing another discovery motion at a later date, if necessary.

## V. Order and Recommendation

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.

**IT IS FURTHER ORDERED** that, if not already accomplished, within ten (10) days of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshal Service Form 285, including a fully complete address, for Defendant University of Texas at San Antonio, and the United States Marshal's Service shall serve UTSA with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.

**IT IS FURTHER ORDERED** that Plaintiff's Application for Permission to File Electronically [#2] is **GRANTED**. Plaintiff is directed to contact the Office of the District Clerk to obtain the e-filing and e-noticing registration form and to submit the fully completed form to the Clerk. Under standard procedures, the registration form will be processed by the Clerk, who has the responsibility of verifying, approving, and effectuating e-filing and e-noticing of court documents.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [#3] is **DENIED WITHOUT PREJUDICE**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Discovery [#4] is **DISMISSED** as premature.

The undersigned also **RECOMMENDS** that the District Court **DISMISS** the following three Defendants from this lawsuit pursuant to 28 U.S.C. § 1915(e): the Behavioral Intervention Team at UTSA, Dr. Juan Manuel Sanchez, and Dr. Harrison Liu.

## VI.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain

error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of August, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE