IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| XIAORONG LAN, § | | |
| § | | |
| *Plaintiff,* § | | SA-22-CV-00769-FB |
| § | | |
| vs. § | | |
| § | | |
| UNIVERSITY OF TEXAS AT SAN § | | |
| ANTONIO, DR. JUAN MANUEL § | | |
| SANCHEZ, ASSOCIATE DEAN, § | | |
| CARLOS ALVAREZ COLLEGE OF § | | |
| BUSINESS; AND DR. HARRISON LIU, § | | |
| PHD ADVISOR, CARLOS ALVAREZ § | | |
| COLLEGE OF BUSINESS; § | | |
| § | | |
| *Defendants.* § | | |

**<u>ORDER</u>**

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Motion for Leave to File Amended Complaint [#43]. By her motion, Plaintiff asks the Court to permit her to amend her pleadings for a third time to add claims under Title VI and Title IX of the Civil Rights Act of 1964. The Court held an initial pretrial conference on May 26, 2023, at which Plaintiff and counsel for Defendant University of Texas at San Antonio ("UTSA") appeared via videoconference. The Court addressed Plaintiff's motion at the hearing. For the reasons set forth below, the Court will grant the motion in part.

The Federal Rules of Civil Procedure favor amendment. A party may amend its pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). After this time period has passed, a party may amend its pleading with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The grant of leave to amend

1

pleadings pursuant to Rule 15(a) is generally within the discretion of the trial court and shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997) ("Rule 15 expresses a strong presumption in favor of liberal pleading"); *Dussuoy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981) ("[Rule 15] evinces a bias in favor of granting leave to amend."). A motion to amend should not be denied unless there is "substantial reason" to do so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

Plaintiff wishes to amend her pleading to assert claims of national origin and race discrimination and retaliation under Title VI and sex discrimination and retaliation under Title IX, as well as claims for a hostile work environment under both statutes. The Court will permit Plaintiff to add claims under Title VI for national origin discrimination and retaliation, but not race discrimination under Title VI or sex discrimination under Title IX or for a hostile work environment under either statute.

Plaintiff's Title VI claims are related to her claims under Title VII. Plaintiff's current live pleading alleges that she faced discrimination as an employee of UTSA when she worked as a research assistant and was terminated and denied reinstatement. The undersigned has already recommended to the District Court that Plaintiff's claims for national origin discrimination and retaliation against UTSA under Title VII be allowed to proceed. Plaintiff's Title VI claims would allow Plaintiff to assert national-origin discrimination and retaliation claims against UTSA as a student, regardless of whether or not she is found to have been an employee when she worked as a research assistant. Although UTSA generally asserts in its response to Plaintiff's

motion that her proposed amendments are futile, UTSA was unable to advance any argument specific to the futility of Plaintiff's Title VI claims at the Court's initial pretrial conference. Rather, UTSA simply reasserted its belief that Plaintiff fails to state claims of national-origin discrimination and retaliation for the reasons already rejected by the undersigned in considering UTSA's motion to dismiss her Title VII claims.  The undersigned is not persuaded that UTSA has identified a legal defect in Plaintiff's proposed Title VI claims regarding national-origin discrimination and retaliation that would require the Court to deny as futile Plaintiff's request to amend.

This proposed amendment will not cause UTSA prejudice.  Both Plaintiff's Title VI and Title VII national-origin discrimination and retaliation claims rely on the same underlying facts. The addition of Title VI claims will not result in additional discovery or any additional burden on UTSA.  Finally, because Title VI claims may only be advanced against an entity and not individual actors, these claims, like Plaintiff's claims under Title VII, may also only proceed against UTSA, not Dr. Sanchez and Dr. Liu.  *See Price ex rel. Price v. La. Dep't of Educ.*, 329 Fed. App'x 559, 561 (5th Cir. 2009) ("[O]nly public and private entities can be held liable under Title VI.").  Thus, the addition of these claims does not require service on these individuals.

The Court will not, however, allow Plaintiff to assert new claims of sex discrimination and retaliation under Title IX, to add claims for race discrimination and retaliation under Title VI, or to plead claims of a hostile work environment under either statute.  In the most recent report and recommendation, the undersigned recommended that Plaintiff's Title VII claims regarding discrimination based on any protected characteristic other than national origin, including her race and sex discrimination claims, be dismissed, for failure to include adequate factual allegations to support such claims.  The undersigned also recommended that Plaintiff's

claim regarding a hostile work environment under Title VII be dismissed for failure to plead harassing conduct sufficiently severe or pervasive to alter the conditions of her employment. As this case has been pending for over a year, and Plaintiff has failed in her three prior pleadings to include adequate factual allegations regarding these claims, Plaintiff will not be permitted at this late juncture to amend her pleadings with additional factual allegations regarding sex discrimination and retaliation under Title IX, race discrimination and retaliation under Title VI, or a hostile work environment under either statute.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Motion for Leave to File Amended Complaint [#43] is **GRANTED IN PART**. Plaintiff may file an amended pleading including causes of action <u>for national-origin discrimination and retaliation under Title VI</u> and should include any additional factual allegations regarding national-origin discrimination or retaliation in her amended pleading. Plaintiff may not, however, asserts claims under Title IX, including but not limited to any claims of sex discrimination, claims for race discrimination and retaliation under Title VI, or claims regarding a hostile work environment under either statute. In all other respects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff file her amended pleading on or before **June 12, 2023**. Defendant is instructed to file an amended answer or other responsive pleading in accordance with the Federal Rules of Civil Procedure.

SIGNED this 31st day of May, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE