IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| XIAORONG LAN, | § § | |
| *Plaintiff,* | § § § | SA-22-CV-00769-FB |
| vs. | § § | |
| UNIVERSITY OF TEXAS AT SAN ANTONIO, DR. JUAN MANUEL SANCHEZ, ASSOCIATE DEAN, CARLOS ALVAREZ COLLEGE OF BUSINESS; AND DR. HARRISON LIU, PHD ADVISOR, CARLOS ALVAREZ COLLEGE OF BUSINESS, | § § § § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action are the following discovery and other case-management motions: Plaintiff's Second Motion to Compel Production of Documents Responsive to Plaintiff's First Request of Documents [#71], Plaintiff's Motion to Request Subpoena Deposition [#75], Defendant University of Texas San Antonio's Motion for Protective Order [#77], Plaintiff's Motion to Reopen Discovery and Request Subpoena Deposition [#79], and the parties' Agreed Motion to Extend Mediation Deadline [#82]. For the reasons that follow, the Court will deny Plaintiff's discovery motions [#71, #75, #79], grant Defendant's motion for a protective order [#77], and grant the parties' agreed motion regarding the mediation deadline [#82].

### I.  Plaintiff's Discovery Motions [#71, #75, #79]

Plaintiff has filed three discovery motions. Pursuant to the Scheduling Order entered on May 31, 2023 [#55], discovery closed on October 6, 2023. Motion #71 was filed on October 8,

1

2023, and Motions #75 and #79 were filed on October 16, 2023. Local Rule CV-16(e) provides that "[a]bsent exceptional circumstances, no motions relating to discovery . . . shall be filed after the expiration of the discovery deadline, unless they are filed within 14 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery." All three of Plaintiff's motions were filed after the close of discovery but within 14 days of the expiration of the discovery deadline. However, only Motion #71 arguably pertains to conduct occurring in the final seven days of discovery.

Motion #71 concerns Request for Production ("RFP") #3, which was served on June 26, 2023. RFP #3 asks for "copies of any email or other communication between PhD Committee members describing or referring to the PhD comprehensive Exam in accounting in 2021, including, but not limited to, the arrangement of exam graders, each grader's response to the arrangement, the assignment of grading and submission of grades and feedback to PhD Committee." UTSA's response to Plaintiff's motion [#76] states that it provided initial discovery responses on September 1, 2023, and supplemental productions to RFP #3 on September 22, 2023, and October 6, 2023. Plaintiff argues the supplemental production on October 6, 2023, was incomplete and requests an order compelling UTSA to search for and produce additional documents responsive to RFP #3.

To be entitled to an order compelling a party to initiate an additional search or discovery effort, a party must point to a "specific or material deficiency in the other party's production" or otherwise "make a showing, including through the documents that have been produced, that allows the Court to make a reasonable deduction that other documents may exist or did exist and have been destroyed" or must "point to the existence of additional responsive material." *Baker v. Walters*, 652 F. Supp. 3d 768, at 786 (N.D. Tex. 2023) (internal quotations and citations

omitted); *see also Freedman v. Weatherford Int'l Ltd.*, No. 12 Civ. 2121(LAK)(JCF), 2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12, 2014) ("In certain circumstances where a party makes some showing that a producing party's production has been incomplete, a court may order discovery designed to test the sufficiency of that party's discovery efforts in order to capture additional relevant material."). Here, Plaintiff simply argues that the October 6 supplemental production is incomplete because it contains only a few communications between Ph.D. committee members. This is insufficient to satisfy Plaintiff's burden to make a showing from which this Court can reasonably deduce that responsive documents have been withheld from Plaintiff.

UTSA maintains it has provided Plaintiff with all responsive documents and has already produced 5,000 pages of documents to Plaintiff during the exchange of discovery in this case. UTSA has attached to its response examples of produced communications between members of the Ph.D. Committee regarding Plaintiff's second Comprehensive Exam, which are directly responsive to RFP #3. (Ex. A [#76], at 7–14.) Despite UTSA's belief that its production is complete, its response to Plaintiff's motion [#76] indicates that it has voluntarily initiated an additional search to ensure completeness. UTSA has informed Plaintiff that the search will be complete by October 20, 2023. The record reflects UTSA made this third supplemental production and provided additional e-mail communications responsive to RFP #3. The Court will not require UTSA to make further supplementation.

Motions #75 and #79 will also be denied. These motions do not pertain to conduct occurring during the last seven days of discovery. Motion #75 is a request for leave to depose Dr. Jeff Boone and Dr. Cheryl Linthicum. Motion #79 is a request for the reopening of discovery to allow for these depositions. Plaintiff believes these individuals have knowledge

3


regarding RFP #3. Plaintiff could have timely noticed the depositions of Dr. Boone and Dr. Linthicum within the discovery period.

Moreover, Plaintiff has not established good cause for extending the discovery deadline under the governing standard. Once a scheduling order's deadline has passed, that scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quoting *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)). There are four relevant factors to consider when determining whether there is good case to modify a scheduling order under Rule 16(b)(4): (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Id.* Plaintiff has not adequately explained her reasons for failing to comply with the scheduling order and deposing Dr. Boone and Dr. Linthicum within the discovery period. Additionally, the deadline to file dispositive motions has now also expired, and pending before the Court are cross-motions for summary judgment filed by Plaintiff and UTSA. Extending the discovery deadline at this late juncture would result in significant prejudice to the parties. The Court will deny the motions.

## II.  UTSA's Motion for a Protective Order [#77]

UTSA asks the Court to protect it from any further discovery because discovery has closed, and Plaintiff did not request an extension of the discovery deadline prior to its expiration. Instead, Plaintiff served untimely discovery—interrogatories—on October 7, 2023. The Court will grant the motion. As previously stated, the discovery period closed on October 6, 2023.

Pursuant to this Court's Local Rules, "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery deadline." W.D. Tex. Loc. R. CV-16(e). Plaintiff served the interrogatories on October 6, 2023, and thus the responses would have been due on November 6, 2023. Under Local Rule CV-16, this discovery is therefore untimely. UTSA need not respond to untimely discovery. The discovery period is closed.

### III.  Parties' Joint Motion to Extend Mediation Deadline [#82]

The parties have moved to waive the mediation deadline in this case. According to their motion, the parties have agreed that mediation will not be fruitful, as Plaintiff has definitively expressed her unwillingness to settle. The Court will grant the motion and vacate the mediation deadline. If any of Plaintiff's claims survive the parties' pending dispositive motions, the Court will impose a new mediation deadline prior to trial.

Thus, in accordance with the foregoing:

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion to Compel Production of Documents Responsive to Plaintiff's First Request of Documents [#71], Plaintiff's Motion to Request Subpoena Deposition [#75] and Plaintiff's Motion to Reopen Discovery and Request Subpoena Deposition [#79] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant University of Texas San Antonio's Motion for Protective Order [#77] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant University of Texas San Antonio need not respond to Plaintiff's untimely Interrogatories, Motion to Request Subpoena Deposition, or any further discovery requests Plaintiff may attempt to serve in this matter.

**IT IS FURTHER ORDERED** that the parties' Agreed Motion to Extend Mediation Deadline [#82] is **GRANTED**.

**IT IS FINALLY ORDERED** that the parties' mediation deadline is hereby **VACATED** until further order of the Court.

SIGNED this 13th day of November, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE