# United States Court of Appeals for the Fifth Circuit

Certified as a true copy and issued as the mandate on Feb 12, 2025

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

No. 24-50546
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
January 17, 2025
Lyle W. Cayce
Clerk

FEB 12 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

XIAORONG LAN,

*Plaintiff—Appellant,*

versus

UNIVERSITY OF TEXAS AT SAN ANTONIO,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CV-769-FB

---

Before DAVIS, SMITH, and HIGGINSON, *Circuit Judges.*

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion

Case 5:22-cv-00769-FB   Document 104   Filed 02/12/25   Page 2 of 9
Case: 24-50546   Document: 64-1   Page: 2   Date Filed: 02/12/2025

No. 24-50546

for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

# United States Court of Appeals
# for the Fifth Circuit

FEB 12 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

United States Court of Appeals
Fifth Circuit

**FILED**
January 17, 2025

No. 24-50546
Summary Calendar

Lyle W. Cayce
Clerk

---

Xiaorong Lan,

                *Plaintiff—Appellant,*

*versus*

University of Texas at San Antonio,

                *Defendant—Appellee.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CV-769 -FB

---

Before Davis, Smith, and Higginson, *Circuit Judges.*
Per Curiam:[*]

  Plaintiff-Appellant Xiaorong Lan, appearing pro se, charges Defendant-Appellee The University of Texas at San Antonio (UTSA) with discriminatory grading and retaliation after Lan was dismissed from her Ph.D. program then denied reinstatement. Because Lan has not offered sufficient evidence that UTSA's stated rationale for its decisions was pretext

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50546

for national-origin discrimination or for retaliation, we AFFIRM summary judgment dismissing her claims.

## I.

Lan, a Chinese national, was enrolled in UTSA's Ph.D. Program in Accounting. To advance in the Program to Ph.D. candidacy, a UTSA student must complete all coursework then pass a qualifying examination. The exam consists of two parts; one written, one oral. The written part has five components, each of which is supposed to be blindly scored by at least two faculty members as Exceptional, Satisfactory, Marginal, Unsatisfactory, or Fail.[1] A score of Unsatisfactory (or lower) on two of the five sections constitutes a failing grade overall. If a student fails the written part, she must retake the entire written exam within 90 days of her original attempt. According to UTSA's catalog, a "student failing the exam a second time will be deemed to be making unsatisfactory progress and will be dismissed from the accounting Ph.D. program."

Lan first attempted the qualifying examination in the summer of 2021 and failed with Unsatisfactory scores on two of its components. Her second attempt was also unsuccessful and, consistent with UTSA's catalog, she was deemed to be making unsatisfactory progress and dismissed from the Program. Lan applied for reinstatement the following semester, and the seven faculty members of the Accounting Ph.D. Program Committee

---

[1] Lan contends her first exam wasn't graded blindly, though the record evidence for this proposition is lacking. Grading of her second exam wasn't anonymized because Lan was the only student out of three who failed and had to re-take it. *See Lan v. Univ. of Tex. at San Antonio*, No. 22-769, 2024 WL 2305215, at *5, *8 (W.D. Tex. May 21, 2024) *report and recommendation adopted by* 2024 WL 3264550, at *2 (W.D. Tex. Jun. 30, 2024).

2

No. 24-50546

(APPC) voted unanimously to deny her application.[2] Lan next attempted to register for summer courses but was advised those she sought were reserved for Ph.D. candidates.

Lan lays blame for her failing scores and dismissal with Dr. Juan Manuel Sanchez, a UTSA professor and member of the APPC who scored the Unsatisfactory components on both her exams. Eighteen months before Lan took her exam, in January 2020, Dr. Sanchez supposedly told Lan "he would always put Chinese student at bottom of his list because of poor communication." Lan contends Dr. Sanchez's comment shows bias against Chinese students, infected her exam scores, and led to her dismissal. She sued UTSA on July 19, 2022, alleging national-origin discrimination and retaliation under Titles VI and VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000e-17.[3]

After motion practice and discovery, the district court granted UTSA summary judgment, which we review de novo.[4] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] Here, we find no genuine dispute on the question of pretext, warranting summary judgment on Lan's claims.

---

[2] Members of the APPC were Drs. Jeff Boone, Emeka Nwaeze, Harrison Liu, KK Raman, Juan Manuel Sanchez, and Jennifer Yin. Dr. Sharad Asthana also participated as Department Chair.

[3] Title VI prohibits recipients of federal funds from treating one student worse than another similarly situated student because of her national origin. *See* 42 U.S.C. § 2000d. Title VII prohibits national-origin discrimination with respect to hiring, firing, or "compensation, terms, conditions, or privileges of employment." *Id.* § 2000e-2.

[4] *Lan*, 2024 WL 3264550, at *1–2; *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).

[5] FED. R. CIV. P. 56(a).

No. 24-50546

## II.

Lan's proof of discrimination is circumstantial, so the district court correctly employed the *McDonnell Douglas* indirect method of proof on summary judgment.[6] Under that framework, the initial burden rests with a Title VII claimant to prove a prima facie case that she "(1) is a member of a protected class, (2) was qualified for the position that [she] held, (3) was subject to an adverse employment action, and (4) was treated less favorably than others similarly situated outside of [her] protected class."[7] If the claimant proves her prima facie case, the burden "shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action."[8] This burden is one of mere production after which the presumption of discrimination "falls away and the factual inquiry becomes more specific."[9] At this stage, the Title VII claimant must prove her employer's proffered reason was not its real reason but pretext for discrimination.[10] That proof fails where "the record conclusively reveals some other, nondiscriminatory reason for the employer's decision" or she

---

[6] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

[7] *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017). The district court used the same framework to assess Lan's Title VI claim, slightly modifying the third element from "adverse employment action" under Title VII to "adverse action" for purposes of Title VI. Lan does not contest the law as applied by the district court, which accords with caselaw from other circuits. *See, e.g., Rashdan v. Geissberger*, 764 F.3d 1179, 1182 (9th Cir. 2014); *Brewer v. Bd. of Trs. of Univ. of Ill.*, 479 F.3d 908, 921 (7th Cir. 2007); *Bryant v. Indep. Sch. Dist. No. I-38*, 334 F.3d 928, 930 (10th Cir. 2003); *Fuller v. Rayburn*, 161 F.3d 516, 518 (8th Cir. 1998); *Hankins v. Temple Univ. (Health Scis. Ctr.)*, 829 F.2d 437, 440 (3d Cir. 1987).

[8] *Alkhawaldeh*, 851 F.3d at 426.

[9] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004).

[10] *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 457 (5th Cir. 2019).

4

Case 5:22-cv-00769-FB   Document 104   Filed 02/12/25   Page 7 of 9
Case: 24-50546   Document: 64-2   Page: 5   Date Filed: 02/12/2025

No. 24-50546

"creates only a weak issue of fact as to whether the employer's reason was untrue, and there [i]s abundant and uncontroverted evidence that no discrimination occurred."[11]

We agree with the district court that Lan didn't prove a prima facie case of discrimination.[12] Lan is a member of a protected class who suffered adverse action and thus satisfies *McDonnell Douglas*'s first and third elements. But she has not produced evidence of the second element that she is qualified to be a Ph.D. candidate in USTA's Accounting Program or a Graduate Research Assistant in that Program, having twice failed the qualifying exam. Nor has Lan produced evidence of the fourth element—proof that UTSA treated other, non-Chinese students who twice failed the qualifying exam differently than it treated Lan.

Giving Lan's prima facie case the benefit of the doubt, however, UTSA produced a non-discriminatory reason for her dismissal—insufficient academic progress. Lan's rebuttal evidence consists of Dr. Sanchez's comment about Chinese students and speculation that his alleged bias poisoned other faculty decision-making with respect to her exam scoring and dismissal. But Lan offers no evidence that Dr. Sanchez had the singular degree of influence required to make him functionally responsible for her exam scores or UTSA's decision to dismiss her from the Program. If anything, the record suggests an absence of discriminatory animus by Dr. Sanchez as he offered Lan a Graduate Research Assistant position with the Program *after* she failed her first qualifying exam, a move that negates the inference of bias Lan urges.

---

[11] *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

[12] *Lan*, 2024 WL 2305215, at *8.

No. 24-50546

Pretermitting Dr. Sanchez's motivations, the record is replete with other faculty opinion that Lan could not pass either of two qualifying exams, warranting her dismissal from the Program. Four different professors either scored or reviewed Lan's performance on the relevant portions of the first exam and concurred with the Unsatisfactory grades assigned, and there was faculty consensus that Lan performed worse on her second exam.[13] After Lan appealed her dismissal, three different professors and the Department Chair reviewed her academic grievance and found it lacked merit. This prevailing academic judgment is entitled to "great respect" and otherwise overwhelms the weak evidence Lan offered to show UTSA's rationale was pretext for discrimination.[14]

Lan also contends UTSA retaliated by refusing to reinstate her as a Ph.D. candidate or to enroll her in courses reserved for Ph.D. candidates after dismissal. The district court assessed this claim under the *McDonnell Douglas* framework, which requires a Title VII claimant prove (1) her participation in a protected activity; (2) the employer took an adverse employment action against her; and (3) a causal connection between the protected activity and the adverse action.[15] The burden then shifts to the employer to produce a

---

[13] Dr. Linthicum graded Lan's exam with Dr. Sanchez and agreed with the Unsatisfactory scores. Lan petitioned for and received a regrade by Drs. Mao and Yin, who agreed with the scores assigned. Dr. Boone also reviewed Lan's score on one section and concurred with her Unsatisfactory grade.

[14] *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985) ("When judges are asked to review the substance of a genuinely academic decision, such as this one, they should show great respect for the faculty's professional judgment."); *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 96 n.6 (1978) (Powell, J., concurring) ("University faculties must have the widest range of discretion in making judgments as to the academic performance of students and their entitlement to promotion or graduation.").

[15] *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 835 (5th Cir. 2022); *Lan*, 2024 WL 2305215, at *9; *see also supra* note 7.

No. 24-50546

legitimate, non-retaliatory reason for the adverse employment action.[16] If the employer does so, then the Title VII claimant must show the reason was pretext for retaliation.[17]

Lan's proof satisfies the first and second elements of the *McDonnell Douglas* framework: As to the first, Lan filed a post-dismissal discrimination complaint with UTSA's Equal Opportunity Services and Title IX (EOS) Office, and as to the second, UTSA subsequently denied her reinstatement to the Program.[18] We agree with the district court, however, that Lan's proof fails as to the third: There's "simply no evidence" that the APPC based its decision on Lan's protected activity, even assuming the Committee's faculty members knew she'd complained to UTSA's EOS Office (a conclusion not apparent on this record).[19] Also lacking is evidence that UTSA acted with retaliatory intent when it rebuffed Lan's post-dismissal efforts to enroll in upper-level courses reserved to Ph.D. candidates, which Lan at the time was not. AFFIRMED.

---

[16] *Long v. Eastfield Coll.*, 88 F.3d 300, 304–05 (5th Cir. 1996).

[17] *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020), *as rev'd* (Aug. 14, 2020); *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 403 (5th Cir. 2001).

[18] While the substance of her complaint is unclear, UTSA's EOS Office investigated and found no evidence of discrimination, a finding Lan didn't address on summary judgment. Lan also filed a charge with the Equal Employment Opportunity Commission and a complaint with the Department of Education's Office of Civil Rights. The record doesn't reflect the substance or date of these complaints; nor does it contain proof that any APPC members were aware of Lan's activities in this respect.

[19] *Lan*, 2024 WL 2305215, at *9.